**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL ACTION |
| v. | : | |
| | : | |
| RAMEL MOTEN | : | No. 10-620-01 |

**M E M O R A N D U M**

**STENGEL, J.**                                                                                                   **July 12, 2012**

Presently before the Court are Defendant Ramel Moten's Pretrial Motions to Suppress Evidence. For the following reasons, Defendant's Motions will be denied.

**I.      Background**

On September 22, 2010 and September 7, 2011, a federal grand jury returned a seventy-three count indictment and an eighty-nine count superseding indictment, respectively, charging Defendant, Ramel Moten, along with nineteen (19) other Defendants with various crimes occurring on or about October 2001 through approximately October 6, 2010. These criminal acts were committed in and around the Bartram Village Housing Development (BVHD) in Southwest Philadelphia by a criminal enterprise known to law enforcement as the "Harlem Boys." Throughout the course of the investigation, police and federal authorities obtained and executed numerous search and seizure warrants, which led to the recovery of drugs, drug paraphernalia, drug proceeds, firearms, ammunition, fired cartridge casings, documents, photographs, letters and other mail, and other items.

Members of the enterprise committed, attempted, and threatened to commit acts of violence, including murder, assault, and robbery, to protect and expand the enterprise's

criminal operations. The members of the enterprise had varying roles. The Government alleges that Defendant Moten was a supplier and distributor of illegal narcotics and a lead gunman for the enterprise, who committed acts of violence with other members of the enterprise and frequently provided firearms to his coconspirators for use in robberies, assaults and other crimes. The Government alleges that Moten became the leader of the organization when another member stepped down in April 2007. While some acts of violence occurred prior to April 2007, the violence intensified in the years following Moten's increased role.

Moten is charged with over forty (40) counts in the superseding indictment. These counts include, but are not limited to, charges of conspiracy to participate in a racketeering enterprise under 18 U.S.C. § 1962(d); conspiracy to distribute under 21 U.S.C. § 846; assault with a deadly weapon in aid of racketeering under 18 U.S.C. § 1959(a)(3); carrying and use of a firearm during a violent crime under 18 U.S.C. § 924(c); engaging in the illegal dealing of firearms under 18 U.S.C. § 922(a)(1)(A); carjacking under 18 U.S.C. § 2119; threatening to commit a crime of violence in aid of racketeering under 18 U.S.C. § 1959(a)(4); and distribution of cocaine base ("crack") under 21 U.S.C. § 841(a)(1). Moten has filed four pre-trial motions, which have been briefed by the parties and argued in a pre-trial motions hearing on May 15-16, 2012, where evidence and testimony were provided by the Government and counsel on various motions. These motions include Ramel Moten's motion to sever (Doc. No. 308),[1]

---

[1] Defendant Moten's motion to sever is denied for the reasons set forth in my previous Order.

motions to suppress (Doc. No. 313 & 314), and motion to exclude audio and videotape recordings (Doc. No. 315).[2]

## II.     Motion to Suppress Evidence from October 20, 2001

On October 20, 2001, Philadelphia Police responded to a report involving a gun the area of at 5408 Lindbergh Boulevard, right outside the BVHD.  Officer Eric Blocker testified at the hearing that upon their arrival, the officers observed Bryan Hill and Ramel Moten.  Officer Blocker testified that Hill was attempting to cover a firearm in his waistband with his shirt and Moten was observed reaching into his waistband.  Both Hill and Moten then began running from the officers and the officers pursued them on foot.  Both Hill and Moten were caught by police.  After a pat down search, both Defendants were found in possession of various packets of "crack" cocaine and marijuana packaged for street sale.  Specifically, Moten had nine packets of marijuana and ten packets of "crack."

Moten argues that the pat down search was more intrusive than allowed under the constitution and that the police lacked justification for stopping him.  In determining whether a warrantless arrest was lawful, the Court must review the historical facts relied upon the officer at the time of the arrest to determine whether, under the totality of the circumstances, the officer had probable cause to arrest the defendant.  Maryland v. Pringle, 540 U.S. 366, 371 (2003).  Probable cause "exists when the totality of the circumstances within an officer's knowledge is sufficient to warrant a person of reasonable caution to conclude that the person being arrested has committed or is

---

[2] Defendant Moten's motion to exclude audio and videotape is denied for the reasons set forth in my previous Order granting the Government's Starks motion.

committing an offense." United States v. Laville, 480 F.3d 187, 189 (3d Cir. 2007). The officers received the call about a gun and as soon as they stepped out of the car to approach Moten and Hill, the two Defendants began to run. Where "police officers reasonably suspect that an individual may be engaged in criminal activity, and the individual deliberately takes flight when the officers attempt to stop and question him, the officers generally no longer have mere reasonable suspicion, but probable cause to arrest." United States v. Laville, 480 F.3d 187, 189 (3d Cir. 2007). During the chase, the officers saw Defendant Hill throw a gun.

This pat down essentially was a search incident to arrest. Incident to a lawful arrest, police are entitled to search the area within the arrestee's immediate control. Chimel v. California, 395 U.S. 752, 763 (1969). Following a valid custodial arrest, police may conduct a warrantless search of the arrestee and the area within his immediate control without either probable cause or reasonable suspicion to believe the search will yield either weapons or contraband. New York v. Belton, 453 U.S. 454, 461 (1981). Because the officers had probable cause, based on both Defendants fleeing the scene and Defendant Hill throwing a gun during the chase, the arrest was valid and any evidence discovered from a search incident to that arrest is admissible.

However, even if there was not sufficient basis to justify an arrest, based on the officers' testimony, I find that the plain feel doctrine applies to the search of Defendant Moten. See Minnesota v. Dickerson, 508 U.S. 366, 375-76 (1993); United States v. Yamba, 506 F.3d 251 (3d Cir. 2007). Although there was no gun on Moten's person, Officer Blocker had at minimum reasonable suspicion to conduct a Terry stop of Moten.

The Officer testified that he patted Moten down for safety reasons and felt what he believed, based on his knowledge and experience as a police officer, to be narcotics. See Ornelas v. United States, 517 U.S. 690, 699 (1996); Terry v. Ohio, 392 U.S. 1 (1968). Therefore, the evidence is admissible and the Defendant's motion to suppress is denied.

### III. Motion to Suppress Evidence from October 7, 2009

On October 7, 2009, Philadelphia Police officers engaged in a foot pursuit of an individual, suspected of burglary, who ran into 5403 Harley Terrace, Apartment 3A. Upon arrival, Officer Keith testified that the officers smelled a strong odor of marijuana.[3] Police knocked on the door several times and were eventually let into the apartment. Inside the apartment, the officers located the male whom they were chasing. After a protective sweep of the apartment, the officers observed a silver Colt Police Model .38 caliber revolver, loaded with six rounds. The lessee gave the officers written consent to search the apartment. The officers then conducted a complete search of the residence and found numerous packets of "crack" and marijuana. During a phone call between Moten and a confidential informant after the search took place, Moten allegedly states that the "stuff" taken from the apartment was "ours."

Although the search of a home without a warrant is presumptively unreasonable under the Fourth Amendment, a warrantless search and seizure is reasonable if probable cause and exigent circumstances exist to justify the intrusion. See Kirk v. Louisiana, 536 U.S. 635, 638 (2002); United States v. Coles, 437 F.3d 361, 365-66 (3d Cir. 2006).

---

[3] Although Officer Keith testified to the strong order, he testified that, to his recollection, there was no physical evidence of Marijuana found in the apartment.

Moten argues that there were no exigent circumstances, no consent, and no other lawful basis to search.

In order to determine whether law enforcement had an objectively reasonable basis for believing exigent circumstances existed at the time of the search, courts must look at the totality of circumstances and the "inherent necessities of the situation at the time." United States v. Rubin, 474 F.2d 262, 268 (3d Cir. 1973). "Examples of exigent circumstances include, but are not limited to, hot pursuit of a suspected felon, the possibility that evidence may be removed or destroyed, and danger to the lives of officers or others." Coles, 437 F.3d at 366.

In this case, the officers responded to a call involving an individual and a gun. Upon arrival, they located the person fitting the description and engaged in a hot pursuit of the individual up to the apartment. The officers also smelled marijuana outside of the apartment. After they were let into the apartment, the officers apprehended the individual they had been chasing and conducted a protective sweep. See Maryland v. Buie, 494 U.S. 325 (1990) (holding that officers are permitted to conduct a warrantless protective sweep of an area following an arrest). This revealed the gun, which Officer Keith testified was in plain sight. They were then granted permission by the owner of the premises to conduct a search.[4]

Based on these facts, the officers reasonably concluded that there could well be additional occupants still inside the house, including areas other than the livingroom, and that they had access to a gun, and that they posed a danger to the officers. Thus, exigent

---

[4] This case is factually similar to Warden, Md. Penitentiary v. Hayden, 387 U.S. 294 (1967), where the court found that the exigent circumstances of pursuing an individual suspected of robbery allowed entry into the apartment.

6

circumstances justified the warrantless entry into the house and the ensuing limited sweep of the premises. Even if the exigent circumstances were not sufficient, the officers obtained written consent from Ms. Pittman, who was the owner of the premises, to search the apartment.[5] Therefore, the evidence obtained from the search of the apartment is admissible and the Defendant's motion to suppress is denied.

## IV. Conclusion

For the reasons stated above, I will deny the Defendant's Motions to Suppress Evidence (Doc. No. 313 & 314).

An appropriate Order follows.

---

[5] Finally, Moten does not have standing to challenge what was found at the apartment. At the evidentiary hearing there was insufficient evidence to show that Moten had an expectation of privacy at 5403 Harley Terrace, Apt. 3A.